HOLDING *v.* LEWIS MANUFACTURING COMPANY ET AL.

[No. 12,998. Filed April 3, 1928.]

*J. Fred Masters* and *Jackson & Hinchman*, for appellant.

*Joseph W. Haley*, for appellees.

MCMAHAN, J.—This is an action by the Lewis Manufacturing Company, hereinafter referred to as "appellee," against Esta Fox Holding, appellant, and her husband Richard Holding, to recover a judgment for materials sold to appellant and used in the construction of a house, and to foreclose a mechanic's lien. There was a judgment for $2,539.01, which includes a $300 attorney fee, and a decree foreclosing a mechanic's lien. Mrs. Hold-

ing has appealed. The only proper assignment of error relates to the overruling of her motion for a new trial. There are sixty-four specifications in the motion for a new trial. The first is that the decision is contrary to law. The second is that the decision is not sustained by sufficient evidence. The others relate to the admission and exclusion of evidence.

The first two specifications call for a consideration of the evidence. Appellee is a foreign corporation engaged in the business of manufacturing materials for the construction of houses and garages. Its place of business is at Bay City, Michigan. In June, 1924, and for some time prior thereto, O. C. Fillinger of Indianapolis, was employed by appellee for the purpose of soliciting and obtaining orders for materials for use in the erection and construction of houses and garages, on a commission basis. Appellee had a catalogue showing plans of various models of houses and garages, which was used in connection with its business, from which customers might make selection. Appellant, being desirous of erecting a house and garage on a lot owned by her in or near Indianapolis, through Fillinger, under date of June 17, 1924, sent a tentative order to appellee by mail, indicating that she desired to buy from appellee the materials for a certain model of a house and garage as shown in appellee's catalogue, and indicating certain changes in the plans which she desired. Appellee, upon receipt of this order, inserted the changes, and indicated the price for the materials for the house with the extra charges because of certain changes in the plans, to be $2,015.50, and for the garage, to be $184. After these prices were inserted and the changes indicated, the order was returned to appellant for her approval. She approved the same and again sent it to appellee. A few weeks later, appellee sent a telegram asking appellant to send a check for a named amount to apply on the pur-

chase price, which she did. The materials were delivered to a railroad for shipment, and were consigned to appellant, and reached Indianapolis in the early part of August, 1924, and were delivered to appellant at the place where the buildings were to be erected, the freight thereon being paid by appellant.

On July 19, 1924, appellant and Fillinger entered into a written contract, by which the latter agreed to erect the house and garage for a named sum, which included all labor and materials. The evidence is conflicting as to whether appellant sent her check to appellee on the day she entered into the contract with Fillinger or whether she sent it on July 17, but we do not think it makes any difference when such check was sent. The contract between appellant and Fillinger contained a provision by which the latter agreed that no mechanics' liens were to be filed, except such as might be filed to protect the contractor for labor and materials furnished by him. This contract was acknowledged and recorded. Appellant contends that in view of the provisions of this contract, appellee was not entitled to a mechanic's lien. This contention cannot prevail. The evidence is ample to sustain a finding that appellant personally ordered the materials from appellee before she entered into the contract with Fillinger, and that appellee, having sold the materials direct to appellant and not to the contractor was not bound by the contract between appellant and Fillinger. If appellee had sold the materials to the contractor instead of to appellant, there might have been some merit in appellant's contention.

It appears that in December, 1924, appellee filed notice of its intention to hold a mechanic's lien, that suit to foreclose was filed and later dismissed. That a second notice of intention to hold a mechanic's lien was filed in April, 1925, this last notice being the foundation of the instant suit to foreclose.

The inference to be drawn from the evidence is that no materials had been furnished within sixty days prior to the filing of the first notice; that appellant was insisting or claiming that the original order she gave to appellee called for a kitchen cabinet and that she was refusing to settle with appellee claiming that the cabinet had not been sent; that appellee thereafter sent the cabinet to appellant and that the same was delivered to her at her house, and that, within sixty days thereafter, appellee filed the second notice of intention to hold a mechanic's lien.

If, as a matter of fact, appellee, as a part of the original order, agreed to furnish the cabinet for installation and appellant was contending the same should be furnished pursuant to that order, appellee would be entitled to file notice of lien within sixty days after the cabinet was delivered to appellant. Appellant testified that the plans for the house showed a kitchen cabinet was to be furnished and installed in the house. In this connection, appellant introduced in evidence the first eleven pages, pages 66 and 67, and pages 106 to 128, inclusive, of a book entitled "Lewis Houses." This evidence is not included in the bill of exceptions. In the absence of this evidence from the record, we are not in a position to say the trial court erred in finding that the cabinet was a part of the original order and that the notice of the lien was filed in time. As a result of this omission, no question is presented as to the sufficiency of the evidence to sustain the decision. Nor is any question presented as to the specification in the motion for a new trial to the effect that the decision is contrary to law.

Referring to the claim that the court erred in admitting and excluding evidence, appellant has wholly failed to show that any objection was made to the admission of any evidence, or that any ex-

ception was taken to the admission or exclusion of any evidence. Some of the claims made by appellant are that the court erred in admitting and in excluding certain exhibits, but none of these exhibits are set out in appellant's brief. No question is presented as to the admission or exclusion of evidence.

Judgment affirmed.

Dausman, J., absent.